UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>William Charles Hughes</u>

    v.                                            Civil No. 08-cv-75-JL

<u>AT&T, Inc.</u>

**O R D E R**

Pro se plaintiff William Hughes has filed suit against AT&T, Inc., pursuant to the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962, <u>et</u> <u>seq.</u> ("RICO"). Hughes alleges that AT&T denied him phone service in an effort to oppress, threaten, and intimidate him because he had written a manuscript implicating AT&T in participating in illegal governmental activity. Because plaintiff is proceeding pro se and has paid his filing fee, the complaint is before me for preliminary review to determine whether this Court's subject matter jurisdiction has been invoked. <u>See</u> United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(A).

<u>Standard of Review</u>

Under this Court's local rules, when a plaintiff commences an action pro se, the magistrate judge is directed to conduct a preliminary review. <u>Id.</u> In conducting the preliminary review, the Court construes pro se pleadings liberally, however

inartfully pleaded.  See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

### Discussion

I.   Factual Background

William Hughes moved to Concord, New Hampshire on November 5, 2007.  Prior to his move, Hughes arranged to have phone service installed by AT&T at his new home in Concord.  AT&T promised Hughes that his phone service would be operational by

2

November 8, 2007.  Phone service did not start on that date. AT&T service personnel first did not show up to fix the problem, and then told Hughes his service was operational when, in fact, it was not.  Hughes alleges that the lack of service was due to a change in his home address, effected shortly before his move, as part of a conspiracy against him orchestrated by the Central Intelligence Agency, due to Hughes' unpublished manuscript that is critical of the United States government "intelligence community."

When Hughes was eventually supplied with phone service, he alleges that AT&T provided him with an incorrect calling plan, causing his bill to be inflated.  Hughes cancelled his service. Hughes alleges that AT&T then participated in a conspiracy with the "intelligence community" and the administration of President George W. Bush to deny Hughes access to any phone service.  As a result, plaintiff spent forty-five days without home phone service.

II.  Subject Matter Jurisdiction

Federal Courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994).  The presumption is that a federal court lacks jurisdiction.  Id.

Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it. Id.; see also Bender v. Williamsport Sch. Dist, 475 U.S. 534, 541 (1986). To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action either involves a federal question, or involves citizens from different states and an amount in controversy in excess of $75,000. See 28 U.S.C. §§ 1331 & 1332. If it appears that the courts lacks subject matter jurisdiction over the matter, the court is required to dismiss the action. Fed. R. Civ. P. 12(h)(3).

Hughes's suit specifically alleges a cause of action under RICO. Without any comment on the merits of the complaint, I find that plaintiff has therefore invoked the federal question jurisdiction of this Court. See 28 U.S.C. §1331 (authorizing District Court jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States.").

III. Service

Plaintiff is required to serve a summons and a copy of the complaint upon a defendant to a civil action within 120 days of the date the complaint was filed or else the court may dismiss

the case for failure to prosecute. Fed. R. Civ. P. 4(m).[1] As of July 21, 2008, 145 days after the complaint in this case was filed, the plaintiff has not filed any certificate of service indicating that the defendant has been served with a copy of the complaint.[2] In accordance with Fed. R. Civ. P. 4(m), plaintiff is hereby notified that this case may be dismissed without prejudice in thirty days of the date of this Order, unless the Court receives return of service documents or a motion to extend time to effect service by that date.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    July 21, 2008

cc:      William Charles Hughes, pro se

---

[1] Fed. R. Civ. P. 4(m) states:

> [T]he court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

[2] The Court's docket in this case indicates that summons were issued by mail on February 28, 2008.

5